LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055
Email: bob @ spretnak.com

Attorney for Michelle Iovino, Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| MICHELLE IOVINO, | ) |
| Plaintiff, | ) Case No.: 2:19-cv-174 |
| vs. | ) |
| GREEN FARMS OF NEVADA, INC., a Nevada corporation, dba WORLDWIDE PRODUCE, | ) **COMPLAINT** |
| Defendant. | ) JURY DEMAND |

Plaintiff MICHELLE IOVINO states as follows:

**Jurisdiction**

1.     This is an action for damages arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17.

2.     This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(4) (civil rights action), and 42 U.S.C. § 2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein, pursuant to 28 U.S.C. § 1367.

3.     All material allegations relative to the named defendants that are contained within this complaint are believed to have occurred in the State of Nevada, in the County of Clark; therefore, pursuant to 28 U.S.C. § 1391(b)(2), venue properly lies in the southern division of the United States District Court for the District of Nevada.

**Exhaustion of Administrative Remedy**

4.     On May 31, 2018, Ms. Iovino, the Plaintiff, initiated the process of filing a Charge

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

of Discrimination against her former employer, Defendant Green Farms of Nevada, Inc., through the Nevada Equal Rights Commission ("NERC").

5.     On August 3, 2018, Ms. Iovino submitted and filed her Charge of Discrimination with the NERC, against Defendant.  In her Charge of Discrimination, Ms. Iovino stated that she was subjected to unlawful discrimination and harassment in employment on account of her sex.  A true and correct copy of this Charge of Discrimination is attached as Exhibit 1.

6.     By letter dated October 9, 2018, Ms. Iovino then requested of the United States Equal Employment Opportunity Commission ("EEOC") that she be permitted to file this action against Defendant with the courts.

7.     By notice dated November 1, 2018, the EEOC sent to Ms. Iovino its "Notice of Right to Sue (Issued on Request)," advising Ms. Iovino that the EEOC was terminating its proceedings and closing its file regarding the Charge of Discrimination that Ms. Iovino had filed.  A true and correct copy of this "Notice of Right to Sue (Issued on Request)" is attached as Exhibit 2.

8.     Ms. Iovino received her copy of this notice within a few days of the mailing date set forth on said notice.

9.     This action has been filed with this Court within 90 days of the EEOC mailing to Ms. Iovino this "Dismissal and Notice of Rights" and within 90 days of Ms. Iovino receipt of said notice. Therefore, this action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

10.     Ms. Iovino, therefore, has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

**General Allegations**

11.     Ms. Iovino repeats the allegations contained in paragraphs 1 to 10, *supra*.

12.     Ms. Iovino is a citizen of the State of Nevada and a resident of Clark County, Nevada.

13.     Defendant Green Farms of Nevada, Inc., is a corporation organized under the laws of the State of Nevada.  It conducts business in Clark County, Nevada  under the name "Worldwide Produce" from its corporate offices located at 3250 W. Ali Baba Lane, Las Vegas, Nevada 89118.

14.     Defendant, Ms. Iovino's former employer, had between 15 and 100 employees at all times relevant to this matter.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

15. Ms. Iovino commenced employment with Defendant in 2014.

16. Defendant employed Ms. Iovino in a sale position throughout her employment with the company.

17. In the Charge of Discrimination that Ms. Iovino filed with the NERC, which is attached as Exhibit 1, Ms. Iovino generally set forth the following particulars in support of her allegations:

a. Ms. Iovino is female.

b. Starting in September 2016, Jose Ramos began sexually harassing Ms. Iovino. The pattern and practice of sexual harassment began with an incident when Ramos grabbed Ms. Iovino and forcibly and forcefully kissed her on the lips and told her that he loved her. Ramos's sexual advance was unwelcome and was rejected by Ms. Iovino.

c. Jose Ramos was employed by Defendant as its General Manager. He also was Ms. Iovino's supervisor.

d. On a later occasion, Ramos said that he wanted to spend the night with Ms. Iovino while she was traveling in Utah on business related to her job with Defendant. Ramos told Ms. Iovino on that occasion that he wanted to "make" her "sweat all night." Ms. Iovino told Ramos that his actions, statements and demand were inappropriate.

e. On another occasion, Ramos entered Ms. Iovino's office, grabber her, and forcibly kissed her on the mouth. On that occasion, he bit down on her lip very hard. Again, Ramos's actions were unwelcome by Ms. Iovino.

f. It was at this time that, at least twice per week, every or nearly every time that Ms. Iovino would see Ramos, Ramos would grab her, kiss her, touch her on her buttocks, or squeeze himself against her. Again, this behavior was unwelcome by Ms. Iovino and continued for the duration of her employment with Defendant.

g. Because Ramos was General Manager for Defendant's Nevada operations, Ms. Iovino's job required interaction with Ramos. Nevertheless, Ms. Iovino began actively trying to avoid any in-person interactions with Ramos, to minimize contact with Ramos.

h. Once Ramos realized that Ms. Iovino was actively trying to avoid him, Ramos

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 3 of 9

began harassing her in a bullying way, in addition to the sexual harassment.

      i.     Ramos made unreasonable work demands of Ms. Iovino. For example, he demanded that she now provide him with a list of every place that she was throughout her work day.

      j.     Ramos then began telling others within the company that she was not doing a good job, despite her strong work performance and the high level of commissions that she was earning.

      k.     Ramos began to be rude to Ms. Iovino's customer, and to delay deliveries to her customers, in an apparent attempt to negatively affect Ms. Iovino's commission-based earnings and professional reputation.

      l.     Ramos even accused Ms. Iovino of being "racist" against Mexicans. She responded by asking him how she could be racist against Mexican when she too was "Mexican."

      m.     Ms. Iovino eventually told Jon Lutsi, Defendant's Controller, about the pattern of harassment and sexual harassment. Ms. Iovino and Lutsi were hopeful that this situation would improve once the company was sold, but the sale fell through and did not happen.

      n.     Ms. Iovino told Sonia Sotelo in Human Resources about what was happening. Ms. Sotelo told Ms. Iovino that Ramos has made inappropriate comments to her, too, but that she was able to make him stop.

      o.     Despite reporting Ramos's behavior to Lutsi and Ms. Sotelo, Ramos's harassment and sexual harassment of Ms. Iovino continued unabated.

      p.     On February 1, 2018, Ms. Iovino resigned her employment with Defendant.

18.    Because of the ongoing, unrelenting pattern of abuse, harassment, and sexual harassment suffered by Ms. Iovino, her resignation was a constructive discharge.

### First Claim for Relief

*Unlawful sex discrimination and sexual harassment in violation of Title VII*

19.    Ms. Iovino repeats the allegations contained in paragraphs 1 to 18, *supra*.

20.    Defendant subjected Ms. Iovino to extreme, pervasive and unwelcome sexual harassment and to a hostile work environment. By the actions set forth above, Defendant violated 42 U.S.C. § 2000e-2(a) because it unlawfully discriminated against Ms. Iovino on account of her sex,

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 4 of 9

female.

21. Because Defendant engaged in the unlawful sexual harassment of Ms. Iovino, thus unlawfully discriminating against her because of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, Defendant must pay Ms. Iovino damages in the amount of $200,000 per annum for backpay, an additional amount for compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and additional damages in the form of front pay.

22. Because Defendant has been guilty of oppression, fraud or malice, express or implied, it must pay Ms. Iovino an additional amount for the sake of example and by way of punishment.

23. Ms. Iovino has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of these violations of Title VII; therefore, she is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).

### **Second Claim for Relief**

*Unlawful sex discrimination and sexual harassment in violation of NRS 613.330(1)*

24. Ms. Iovino repeats the allegations contained in paragraphs 1 to 23, *supra*.

25. Defendant subjected Ms. Iovino to extreme, pervasive and unwelcome sexual harassment and to a hostile work environment. By the actions set forth above, Defendant violated NRS 613.330(1) because it unlawfully discriminated against Ms. Iovino on account of her sex, female.

26. Because Defendant engaged in the unlawful sexual harassment of Ms. Iovino, thus unlawfully discriminating against her because of her sex in violation of NRS 613.330(1), Defendant must pay Ms. Iovino damages in the amount of $200,000 per annum for backpay, an additional amount for compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and additional damages in the form of front pay.

27. Because Defendant has been guilty of oppression, fraud or malice, express or implied, it must pay Ms. Iovino an additional amount for the sake of example and by way of punishment.

28. Ms. Iovino has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of these violations of NRS 613.340(1);

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

therefore, she is entitled to recover her attorney's fees incurred as special damages.

## Third Claim for Relief

*Intentional infliction of emotional distress*

29.     Ms. Iovino repeats the allegations contained in paragraphs 1 to 28, *supra*.

30.     Ramos's actions, as set forth above and for which Defendant bears responsibility, were extreme and outrageous.

31.     By the actions set forth above, Defendant, acting through its General Manager, either intended to cause severe emotional distress to Ms. Iovino or recklessly disregarded the likelihood of severe emotional distress to Ms. Iovino.

32.     Ms. Iovino suffered actual, severe and extreme emotional distress that was caused by the Ramos's actions, and for which Defendant bears responsibility.  This severe and extreme emotional distress was manifested in a number of different ways.

33.     Defendant is liable for the intentional infliction of emotional distress upon Ms. Iovino.  Because Defendant is liable for intentionally inflicting emotional distress upon Ms. Iovino, Defendant must pay damages in an amount to be determined at trial for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

34.     Because Defendant has been guilty of oppression, fraud or malice, express or implied, it must pay Ms. Iovino an additional amount for the sake of example and by way of punishment.

35.     Ms. Iovino has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of this tortious misconduct ;  therefore, she is entitled to recover her attorney's fees incurred as special damages.

## Fourth Claim for Relief

*Negligent supervision of Jose Ramos*

36.     Ms. Iovino repeats the allegations contained in paragraphs 1 to 35, *supra*.

37.     Defendant was under a duty to exercise reasonable care as to control its General Manager so he would not engage in the sexual harassment, bullying and physical attacks on Defendant's female employees.  Instead, Defendant was negligent in its supervision of Ramos so that Ramos was able to engage in the sexual harassment of Defendant's female employees, including Ms.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Iovino and Ms. Sotelo, as well as the bullying of Ms. Iovino, the physical attack on Ms. Iovino, and the sexual battery that he repeatedly committed against Ms. Iovino.

38.     Ramos engaged in these acts of sexual harassment, bullying, assault and battery in the course of performing his duties as Defendant's General Manager, with the knowledge of Defendant, and the implicit consent of Defendant.  Thus, Defendant knew or should have known of the above actions undertaken by Ramos, as directed against Ms. Iovino.

39.     By failing to properly supervise and control Ramos, Defendant breached its duty to exercise reasonable care that it owed to Ms. Iovino and other females employed by Defendant.

40.     Defendant's breach of this duty to exercise reasonable care that it owed to Ms. Iovino caused financial, psychological and physical injury to Ms. Iovino.

41.     By the actions set forth above, as a result of Defendant's negligent supervision of Ramos, Defendant must pay damages in an amount to be determined at trial for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

42.     Because Defendant has been guilty of oppression, fraud or malice, express or implied, it must pay Ms. Iovino an additional amount for the sake of example and by way of punishment.

43.     Ms. Iovino has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of this tortious misconduct ;  therefore, she is entitled to recover her attorney's fees incurred as special damages.

### Fifth Claim for Relief

*Wrongful interference with prospective economic advantage*

44.     Ms. Iovino repeats the allegations contained in paragraphs 1 to 43, *supra*.

45.     Since Ms. Iovino's constructive discharge from her employment with Defendant, Ms. Iovino sought and obtained new employment.  Ms. Iovino currently is employed in the Las Vegas, Nevada, area by West Central LLC.

46.     Defendant has been unlawfully maligning and denigrating Ms. Iovino to her customers with West Central LLC.

47.     Defendant has been making false statements about conditions at West Central LLC in a deliberate attempt at retaliating against Ms. Iovino because of her refusal to accede to Ramos's

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

sexual demands.

48. Defendant has been improperly going after employees of West Central LLC who work with Ms. Iovino in a deliberate attempt at harming or damaging Ms. Iovino's working relationships with other employees of West Central LLC. This interference includes such actions as having lawyers write demand letters to West Central LLC employees who work with Ms. Iovino, making false statements about non-compete agreements

49. Defendant, acting through its agents and its management, intended to cause harm to Ms. Iovino in her subsequent employment with West Central LLC.

50. Defendant, acting through its agents and its management, caused harm to Ms. Iovino in her subsequent employment with West Central LLC.

51. Because Defendant wrongfully interfered with Ms. Iovino's prospective economic advantage from her employment with West Central LLC, Defendant must pay Ms. Iovino damages in an amount to be determined at trial.

52. Because Defendant has been guilty of oppression, fraud or malice, express or implied, it must pay Ms. Iovino an additional amount for the sake of example and by way of punishment.

53. Ms. Iovino has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of this tortious misconduct ; therefore, she is entitled to recover her attorney's fees incurred as special damages.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

WHEREFORE, Plaintiff MICHELLE IOVINO prays that the following judgment be entered upon a trial by jury, against Defendant GREEN FARMS OF NEVADA, INC., a Nevada corporation, dba WORLDWIDE PRODUCE:

1. Monetary damages in an amount to be determined at trial, which continue to accrue;

2. An award of interest on the amount owed;

3. Punitive damages;

4. An award of attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k); and

5. Any further relief that this Court deems just.

Respectfully submitted,

LAW OFFICES OF ROBERT P. SPRETNAK

By: /s/ Robert P. Spretnak
Robert P. Spretnak, Esq.

Attorney for Michelle Iovino, Plaintiff

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123